# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jennifer Dabill**, | Case No. 22-cv-2165 |
| Plaintiff, | |
| v. | |
| **Fairview Health Services**, | **COMPLAINT** |
| | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

## INTRODUCTION

1. This case concerns the legality of Defendant Fairview Health Services Vaccine Mandate Policy which requires that all employees receive one of the available COVID-19 vaccines and influenza vaccines.

2. Plaintiff Jennifer Dabill, a long-term employee of Defendant, suffered from severe allergic reactions to vaccines and therefore was unable to receive either the influenza or COVID-19 vaccine.

3. Following Defendant's implementation of its vaccine mandate policy, Ms. Dabill sought a medical accommodation.

4. Defendant failed to engage in an interactive process with Ms. Dabill and terminated her employment in violation of the ADA and MHRA.

## JURISDICTION AND VENUE

5. Ms. Dabill bases her claims, in part, on the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Amendments Act of 2008

("ADAAA"), 42 U.S.C. § 12117 *et seq.,* and therefore this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

6. Supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is invoked for Ms. Dabill's state law claims under the Minnesota Human Rights Act ("MHRA"), as these claims form part of the same case and controversy as Ms. Dabill's federal claims.

7. Venue is this Court is appropriate pursuant to 28 U.S.C. § 1391, as the unlawful practices and acts described herein occurred within this State and District.

8. Ms. Dabill filed a charge of discrimination with the EEOC on or about June 6, 2022. On June 8, 2022, upon request, the EEOC issued Ms. Dabill a Right to Sue letter.

## PARTIES

9. Jennifer Dabill ("Plaintiff" or "Ms. Dabill") is an individual person who, at times relevant to this Complaint, was a "qualified individual" under the ADA and MHRA.

10. At all times relevant to this Complaint, Defendant Fairview Health Services is and has been a Minnesota corporation doing business in the State of Minnesota. At all times relevant herein, Defendant has continuously had at least fifteen (15) employees and has been a covered "employer" as that term is defined under the ADA and MHRA.

11. At all times relevant to this Complaint, all individual managers, supervisors, and human resource personnel referred to herein acted with actual authority from Defendant Fairview Health Services and as agents of the same.

## FACTUAL BACKGROUND

12. Defendant Fairview Health Services is a health care provider that operates several hospitals and clinics in the greater Twin Cities area.

13. In May 2013, Plaintiff was hired in the position of patient representative for Defendant.

14. In 2014, Plaintiff was promoted to work in Defendant's call center.

15. In 2015, Plaintiff was once again promoted, this time to the position of coding analyst.

16. Plaintiff continued working as a coding analyst from 2015 until her employment was terminated in 2021.

17. As a coding analyst, Plaintiff's work with Defendant was fully remote except that Plaintiff was required to appear onsite once per quarter.

18. In March 2020, the COVID-19 pandemic caused widespread disruptions to the American workforce.

19. In comparison, Plaintiff's role with Defendant, which was fully remote, was largely unaffected by these disruptions.

20. On August 2, 2021, Defendant sent out a company-wide e-mail indicating that it was going to be implementing a COVID-19 vaccine policy.

21. The policy stated, in relevant part, that "flu and COVID-19 vaccinations are considered a workplace requirement for all employees and providers across our health system."

22. The policy also stated that Defendant was "developing a medical… accommodation process[.]"

23. The policy required employees to either receive both a flu and COVID-19 vaccination OR an accommodation by October 31, 2021.

24. Upon information, Defendant approved religious and/or medical exemptions for some employees.

25. Plaintiff suffers from a medical impairment that prevents her from safely receiving vaccines.

26. In the past, Plaintiff has had severe allergic reactions to vaccinations which result in MS-like symptoms.

27. As a result, Plaintiff's medical providers have informed her that she is not able to safely receive vaccinations.

28. On or about September 2, 2021, Plaintiff requested a medical exemption from both the flu and COVID-19 vaccine.

29. In her exemption request, Plaintiff informed Defendant that she had "moderate to severe reactions" to other vaccines which included severe joint pain, migraines, and extreme fatigue which lasted for approximately three (3) months after receiving those vaccinations.

30. In fact, her reaction to the vaccines were so severe that Plaintiff's medical providers required her to undergo testing to determine whether she had MS.

31. This testing confirmed that it was instead a severe allergic reaction to the vaccines.

32. Accommodations were available to Plaintiff that would not have created an undue hardship for Defendant.

33. Defendant failed to engage in an interactive process with Plaintiff to determine whether it was able to accommodate Plaintiff's medical condition.

34. On September 22, 2021, Defendant summarily denied Plaintiff's accommodation request for the COVID-19 vaccine and informed Plaintiff that she could appeal this decision on or before September 27, 2021.

35. On September 26, 2021, Defendant granted Plaintiff's accommodation request for the flu vaccine.

36. On September 27, 2021, Plaintiff appealed Defendant's denial of her COVID-19 vaccine exemption request.

37. Once again, Defendant failed to engage in an interactive process with Plaintiff to determine whether accommodations were available that would permit Plaintiff to continue working.

38. On October 28, 2021, Defendant denied Plaintiff's appeal of her COVID-19 vaccine exemption determination.

39. On or about November 9, 2021, Defendant e-mailed Plaintiff and stated that she was being removed from schedule due to her failure to comply with Defendant's vaccination policy.

40. Defendant's notice to Plaintiff advised that she had until November 30, 2021 to become compliant OR receive an approved medical or religious exemption.

41. On November 9, 2021, Plaintiff spoke with her supervisor over the phone.

42. During that call, Plaintiff reminded her supervisor that Plaintiff's medical provider had advised against Plaintiff receiving the COVID-19 vaccine because of Plaintiff's prior severe allergic reactions to vaccines.

43. On November 15, 2021, Plaintiff's employment with Defendant was terminated

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101,** *et seq.* **(Disability Discrimination)**

44. Plaintiff incorporates the foregoing paragraphs of her Complaint by reference.

5

45. The Americans with Disabilities Act ("ADA") provides that it is an unlawful employment practice to "discriminate against a qualified individual on the basis of disability in regard to the job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

46. The ADA defines a "disability" as: (A) a physical or mental impairment that substantially limits one of more major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." 42 U.S.C. § 12101(1).

47. The ADA mandates the definition of disability to "be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A).

48. Plaintiff had a qualifying disability under the ADA, had a record of having a qualifying disability under the ADA, and/or was regarded as having a qualifying disability under the ADA.

49. Defendant was aware of Plaintiff's disability.

50. Defendant's conduct, including terminating her employment because of her disability, constitutes disability discrimination under the ADA.

51. As a result of Defendant's conduct in direct violation of the ADA, Plaintiff has suffered loss of past and future income, mental anguish, emotional distress, and other damages in amounts in excess of $75,000.

52. Defendant committed the above-described acts with malice and/or in reckless disregard of Plaintiff's rights under the ADA. As a result thereof, Plaintiff is entitled to punitive damages.

## COUNT II

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101,** *et seq.* **(Failure to Accommodate)**

53. Plaintiff incorporates the foregoing paragraphs of her Complaint by reference.

54. The ADA provides that discrimination includes the failure to make reasonable accommodations for an individual's disability. 42 U.S.C. § 12112(b)(5)(a).

55. Defendant was aware of Plaintiff's disability and was obligated to engage in an interactive process to determine whether Plaintiff needed accommodations to perform the essential functions of the greeter position.

56. Reasonable accommodations for Plaintiff's disability existed.

57. Defendant violated the ADA by failing to provide accommodations and/or engage in an interactive process to determine whether Plaintiff was able to perform the essential functions of the position with or without an accommodation.

58. As a result of Defendant's conduct in direct violation of the ADA, Plaintiff has suffered loss of past and future income, mental anguish, emotional distress, and other damages in amounts in excess of $75,000.

59. Defendant committed the above-described acts with malice and/or in reckless disregard of Plaintiff's rights under the ADA. As a result thereof, Plaintiff is entitled to punitive damages.

## COUNT III

### VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT
### MINN. STAT. § 363A.01, *et seq.* (Disability Discrimination)

60. Plaintiff incorporates the foregoing paragraphs of her Complaint by reference.

61. The Minnesota Human Rights Act provides that "it is an unfair employment practice for an employer, because of…disability…to: discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment. Minn. Stat. § 363A.08 Subd. 2(1) & (3).

62. A disability under Minn. Stat. § 363A.03(12) is "any condition or characteristic that renders a person a disabled person. A disabled person is any person who (1) has a physical, sensory, or mental impairment which materially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment."

63. Plaintiff had a qualifying disability under the MHRA.

64. Defendant was aware that Plaintiff had a qualifying disability under the MHRA.

65. Defendant's conduct herein described including but not limited to terminating Plaintiff's employment violated Minn. Stat. § 363A.08.

66. As a result of Defendant's conduct in direct violation of the MHRA, Plaintiff has suffered loss of past and future income, mental anguish, emotional distress and other damages in an amount in excess of $75,000.00 but to be determined by a jury at trial.

67. Defendant committed the above-alleged facts with malice, reckless disregard or deliberate disregard for the rights and safety of Plaintiff. As a result thereof, and to the extent necessary, Plaintiff gives notice of her intent to seek leave to add a claim for punitive damages under the MHRA.

## COUNT IV

### VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT
### Minn. Stat. § 363A.08 *et seq*. (Failure to Accommodate)

68. Plaintiff incorporates the foregoing paragraphs of her Complaint by reference.

69. Minnesota Statute § 363A.08, subd. 6, makes it an unfair employment practice for an employer "not to make reasonable accommodation to the known disability of a qualified disabled person ... unless the employer ... can demonstrate that the accommodation would impose an undue hardship on the business."

70. Plaintiff's medical condition constituted an impairment that substantially and materially limited one or more major life activities and has a record of such impairment.

71. Defendant failed to reasonably accommodate Plaintiff's known disability and failed to engage Plaintiff in an interactive process to determine whether reasonable accommodations for Plaintiff were available.

72. Defendant's conduct described herein constituted unfair employment practices in violation of Minn. Stat. § 363A.08, Subd. 6.

73. As a result of Defendant's conduct in direct violation of the MHRA, Plaintiff has suffered loss of past and future income, mental anguish, emotional distress and other damages in an amount in excess of $75,000.00.

74. Defendant committed the above-alleged facts with malice, reckless disregard or deliberate disregard for the rights and safety of Plaintiff. As a result thereof, and to the extent necessary, Plaintiff gives notice of her intent to seek leave to add a claim for punitive damages under the MHRA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jennifer Dabill requests that this Court enter a judgment in favor of Plaintiff and against Defendant as follows:

1. An order granting Plaintiff a judgment against Defendant;

2. An order granting Plaintiff all damages including back pay, front pay, and compensatory damages in such amount as the jury may determine, but not less than $75,000.00;

3. An order granting Plaintiff punitive damages;

4. An order granting Plaintiff treble damages under the MHRA;

5. An order granting Plaintiff injunctive and declaratory relief against Defendant, whereby the Defendant is temporarily and permanently enjoined and restrained from any further discrimination of Plaintiff;

6. An order for Defendant to pay Plaintiff's costs, disbursements, interest, and attorneys' fees as allowed under the ADA and MHRA;

7. An order for Defendant to pay any and all further relief available, such as any relief this Court may consider equitable or appropriate, including but not limited to: all civil penalties payable to the State of Minnesota.

PLAINTIFF DEMANDS A JURY TRIAL.

Dated: September 5, 2022.    **TYLER W. BRENNAN LAW, LLC**

/s/ Tyler W. Brennan
Tyler W. Brennan, #397003
T3 Building
323 N. Washington Ave. #200
Minneapolis, MN 55401
Phone: (612) 351.0084
Fax: (612) 354.4152
E-mail: tyler@tylerwbrennanlaw.com